XAVIER BECERRA, State Bar No. 118517
Attorney General of California
PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7320
 Facsimile: (916) 322-8288
 E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendant Lotersztain*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **LAWRENCE E. GOMES,** | No. 2:19-cv-01499 KJM-DMC |
| Plaintiff, | **STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER TO EXTEND DEADLINES BY SIX MONTHS** |
| v. | |
| **DAVID M. MATHIS, et al.,** | Action Filed: September 22, 2017 |
| Defendants. | |

Under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 143, Plaintiff pro se, Lawrence Gomes, and Defendant Lotersztain stipulate to a six-month extension of all deadlines set out in the December 16, 2019 Scheduling Order. (ECF No. 53.) An extension is needed because the parties require more time to complete discovery in light of the continuing COVID-19 pandemic and Plaintiff relocating out of state.

When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). A scheduling order may be modified only upon a showing of good cause and by leave of Court. *Id*. 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (describing the factors a court should consider in ruling on

1

such a motion). In considering whether a party moving for a schedule modification has good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the amendment.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983 amendment).

On December 16, 2019, the Court issued a Scheduling Order requiring the parties to meet the following deadlines:

    Exchange initial disclosures by December 20, 2019

    Complete non-expert discovery by May 1, 2020

    Disclose expert witnesses by June 1, 2020

    Complete expert discovery by July 31, 2020

    File dispositive motions by September 25, 2020

Good cause exists to modify the Scheduling Order. Since the Court issued the Scheduling Order, the parties have exchanged substantial documents and information with their initial disclosures and other discovery. On March 19, 2020, California Governor Newsom issued Executive Order No. N-33-20, requiring California residents to stay at home, with certain limited exceptions, due to the coronavirus pandemic. Since that time, the movement restrictions have been reduced, but not completely lifted. California and Arizona, where Plaintiff now resides, are currently experiencing a surge in coronavirus cases, such that public and health officials are recommending limited movement to reduce the risk of exposure. In addition, Plaintiff has several risk factors (age and medical condition) that require that he shelter in during the pandemic.

Due to the uncertainty concerning how long this national crisis would last and believing that the movement restrictions would be lifted by summer, Defendant moved to extend the scheduling deadlines by three months on April 30, 2020. (*See* ECF No. 55.) Plaintiff did not oppose the motion and requested a similar extension. (*See* ECF No. 56.) Not having received a ruling from the Court and realizing that a three-month extension would not be sufficient, defense counsel contacted the Court on July 9, 2020, inquiring about the status of the motion and

Stipulation and Proposed Order to Modify the Scheduling Order  (2:19-cv-1499 KJM- DMC)

informing the Court that additional time was needed in light of the continuing pandemic. The Court advised defense counsel to withdraw the pending motion and submit a new motion seeking a longer extension of the scheduling deadlines. Defense counsel contacted Plaintiff by telephone on the same day, and Plaintiff agreed that more than three months was needed to complete discovery, especially since he had moved to Arizona where the coronavirus cases are skyrocketing.

The parties therefore agree and request that the Court modify the Scheduling Order as follows:

    Complete non-expert discovery by November 2, 2020

    Disclose expert witnesses by December 1, 2020

    Complete expert discovery by February 1, 2021

    File dispositive motions by March 26, 2021

IT IS SO STIPULATED.

Dated: July 13, 2020　　　　　　　　　　　　Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PETER A. MESHOT
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Lotersztain*

Dated:  July 13, 2020　　　　　　　　　　　　*/s/ Larry Gomes* (as authorized 7/13/20)

LAWRENCE E. GOMES
*Plaintiff pro se*

LA2019501633
34225119.docx

**ORDER**

Good cause appearing, the parties' stipulated request to modify the December 16 2019 Scheduling Order is GRANTED. The scheduling deadlines are extended as follows:

    Complete non-expert discovery by November 2, 2020

    Disclose expert witnesses by December 1, 2020

    Complete expert discovery by February 1, 2021

    File dispositive motions by March 26, 2021

In all other respects, the December 16, 2019 Scheduling Order (ECF No. 53) remains in full force and effect. Plaintiff's separate motion for modification of the Scheduling Order (ECF No. 56) is denied as unnecessary.

IT IS SO ORDERED.

Dated: July 17, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE