Xavier Becerra, State Bar No. 118517
Attorney General of California
Peter A. Meshot, State Bar No. 117061
Supervising Deputy Attorney General
Diana Esquivel, State Bar No. 202954
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7320
 Facsimile: (916) 322-8288
 E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendant Lotersztain*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **LAWRENCE E. GOMES,**<br><br>Plaintiff,<br><br>v.<br><br>**DAVID M. MATHIS, et al.,**<br><br>Defendants. | No. 2:19-cv-01499 KJM-DMC<br><br>**STIPULATION AND PROPOSED ORDER TO EXTEND SCHEDULING DEADLINES TO EXTEND DEADLINES BY NINETY DAYS**<br><br>Action Filed: September 22, 2017 |

Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 143, Plaintiff pro se, Lawrence Gomes, and Defendant Lotersztain stipulate to and request a ninety-day extension of the scheduling deadlines set out in the October 20, 2020 Order. (ECF No. 61.) This third request for an extension is needed because the parties require more time to complete discovery in light of the continuing COVID-19 pandemic that has hindered the parties' ability to complete fact discovery, including taking Plaintiff's deposition.

When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). A scheduling order may be modified only

1

1  upon a showing of good cause and by leave of Court.  *Id.* 16(b)(4); *see, e.g., Johnson v. Mammoth
2  Recreations, Inc.*, 975 F.2d 604, 609 (describing the factors a court should consider in ruling on
3  such a motion).  In considering whether a party moving for a schedule modification has good
4  cause, the Court primarily focuses on the diligence of the party seeking the modification.
5  *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983
6  amendment).  "The district court may modify the pretrial schedule 'if it cannot reasonably be met
7  despite the diligence of the party seeking the amendment.'"  *Id.* (quoting Fed. R. Civ. P. 16
8  advisory committee notes of 1983 amendment).

9  　　　　　On July 17, 2020, the Court granted the parties' stipulated request to extend the
10  scheduling deadlines set out in the initial Scheduling Order by six months due to the continuing
11  national pandemic.  (*See* ECF Nos. 46, 59.)  It should be noted that, at the time, the full scope and
12  expected duration of the pandemic and concomitant public health measures and restrictions were
13  unknown by public health and government officials, let alone the parties and defense counsel.  As
14  such, on October 29, 2020, the parties requested, and the Court granted, a ninety-day extension of
15  the scheduling deadlines due the ongoing pandemic, Plaintiff's then-medical condition and
16  concerns with being exposed to COVID-19, and the need to obtain Plaintiff's more recent
17  medical records.  (*See* ECF Nos. 60-61.)  Since that time, the parties have continued to conduct
18  discovery that included Defendant propounding additional written discovery to ascertain the
19  identities of Plaintiff's medical providers since his release from prison.  Defendant has not
20  received responses to her discovery to subpoena the current medical records, nor has she been
21  able to take Plaintiff's deposition due to his high-risk status if exposed to COVID-19.

22  　　　　　Distribution of the COVID-19 vaccine did not commence until recently.  Although
23  Plaintiff has several medical conditions that make him eligible to receive the COVID-19 vaccine
24  earlier than other groups, he is within an age group that is still not receiving the vaccine in
25  Arizona, where Plaintiff currently resides.  At the present time, it not yet known when the
26  pandemic-related risks and restrictions will resolve such that Plaintiff's deposition can be taken
27  and completed.  In addition to the ongoing pandemic, Plaintiff's is currently experiencing and
28

2

being treated for diabetic-related symptoms that is further impairing Plaintiff's ability to complete the discovery needed here.

Based on the foregoing, the parties agree to and request that the Court extend the scheduling deadlines for an additional ninety days as follows: Complete non-expert discovery by May 3, 2021; disclose expert witnesses by June 1, 2021; complete expert discovery by August 2, 2021; and file dispositive motions by September 29, 2021.

IT IS SO STIPULATED.

Dated: February 2, 2021    Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PETER A. MESHOT
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant Lotersztain*

Dated:  February 2, 2021    */s/ Larry Gomes* (as authorized 2/2/21)

LAWRENCE G. GOMES
*Plaintiff pro se*

LA2019501633
34791383.docx

**ORDER**

Good cause appearing, the parties' stipulated request to extend the scheduling deadlines by ninety days is **GRANTED**. The scheduling deadlines are extended as follows:

Complete non-expert discovery by May 3, 2021

Disclose expert witnesses by June 1, 2021

Complete expert discovery by August 2, 2021

File dispositive motions by September 29, 2021

In all other respects, the December 16, 2019 Scheduling Order (ECF No. 53) remains in full force and effect.

IT IS SO ORDERED.

Dated: February 9, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE