1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  PETER A. MESHOT, State Bar No. 117061
   Supervising Deputy Attorney General
3  DIANA ESQUIVEL, State Bar No. 202954
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 210-7320
6    Facsimile: (916) 322-8288
     E-mail: Diana.Esquivel@doj.ca.gov
7  Attorneys for Defendant Lotersztain

8                IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10                       SACRAMENTO DIVISION

11

12
   | | |
   |---|---|
   | **LAWRENCE E. GOMES,** | No. 2:19-cv-01499 KJM-DMC |
   | Plaintiff, | **STIPULATION AND PROPOSED ORDER TO EXTEND SCHEDULING DEADLINES TO EXTEND DEADLINES BY SIXTY DAYS** |
   | v. | |
   | **DAVID M. MATHIS, et al.,** | Action Filed: September 22, 2017 |
   | Defendants. | |

19      Under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 143, Plaintiff pro se,

20 Lawrence Gomes, and Defendant Lotersztain, through her attorney of record, stipulate to and

21 request a sixty-day extension of the scheduling deadlines set out in the Court's February 10, 2021

22 Order. (ECF No. 65.) This fourth request for an extension is needed because Plaintiff is currently

23 hospitalized and the Defendant cannot take his deposition before the discovery deadline.

24      When an act must be done within a specified time, the court may, for good cause, extend

25 the time with or without motion or notice if the court acts, or if a request is made, before the

26 original time expires. Fed. R. Civ. P. 6(b)(1)(A). A scheduling order may be modified only upon

27 a showing of good cause and by leave of Court. *Id.* 16(b)(4); *see, e.g., Johnson v. Mammoth*

28 *Recreations, Inc.*, 975 F.2d 604, 609 (describing the factors a court should consider in ruling on

                                        1

such a motion). In considering whether a party moving for a schedule modification has good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the amendment.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983 amendment).

Since the Court granted the parties' last stipulation, the parties have completed written discovery. Defense counsel received Plaintiff's responses to the written requests. After the parties met and conferred, Plaintiff provided amended responses and responsive documents. Defense counsel noticed Plaintiff's deposition for April 23, 2021, after finding and securing a location near Plaintiff's residence in Phoenix, Arizona where he could appear remotely for his deposition. On April 16, defense counsel called Plaintiff to confirm his deposition for the following week. Plaintiff informed her that he was currently in the emergency room for symptoms related to his heart condition, but indicated that he could proceed if his medical condition improved. The parties agreed to speak the following week, and on April 22, defense counsel called Plaintiff again to confirm his deposition. Plaintiff informed defense counsel that he had been hospitalized since April 16 and could not appear for his deposition.

On April 27, the parties again spoke. Plaintiff was still in the hospital and did not know when he would be released. Plaintiff's heart condition is now such that he is on the donor's list and awaiting a transplant. The parties discussed the possibility of filing a joint motion to stay this action until Plaintiff's medical condition permitted him to participate in the litigation. Due to the upcoming May 3 discovery deadline and Plaintiff's inability to contribute to a motion for a stay, the parties determined it was prudent to seek another extension of the scheduling deadlines. For these reasons, good cause exists to grant this stipulated request for a sixty-day extension of the scheduling deadlines.

IT IS SO STIPULATED.

| | | |
|---|---|---|
| 1 | Dated: April 30, 2021 | Respectfully submitted, |
| 2 | | XAVIER BECERRA<br>Attorney General of California |
| 3 | | PETER A. MESHOT<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | */s/ **Diana Esquivel*** |
| 6 | | DIANA ESQUIVEL<br>Deputy Attorney General |
| 7 | | *Attorneys for Defendant Lotersztain* |
| 8 | | |
| 9 | Dated: April 29, 2021 | */s/ **Larry Gomes*** (as authorized 4/29/21) |
| 10 | | LAWRENCE G. GOMES<br>*Plaintiff pro se* |

LA2019501633
35050284.docx

**ORDER**

Good cause appearing, the parties' stipulated request to extend the scheduling deadlines by sixty days is **GRANTED**. The scheduling deadlines are extended as follows, and the parties shall:

1. Complete non-expert discovery by July 5, 2021;
2. Disclose expert witnesses by August 2, 2021;
3. Complete expert discovery by October 1, 2021; and
4. File dispositive motions by November 29, 2021.

In all other respects, the December 16, 2019 Scheduling Order (ECF No. 53) remains in full force and effect.

Dated: May 6, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE